UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DISCOVERORG, LLC,
    Plaintiff,

v.

TIMLIN ENTERPRISES, INC.,
    Defendant.

Civil Action No. _____

COMPLAINT AND JURY DEMAND

Plaintiff DiscoverOrg, LLC ("DiscoverOrg"), for its complaint against Timlin Enterprises, Inc. ("Timlin"), alleges as follows:

Introduction

At its core, this case is very straightforward. DiscoverOrg is in the business of providing highly-accurate information for business-to-business sales and marketing. DiscoverOrg invests millions of dollars annually to build and maintain this database, and DiscoverOrg's customers pay tens and hundreds of thousands of dollars per year to access this information. Timlin stole access to DiscoverOrg information (about 58,000 records) and used it for its own sales and marketing, without paying DiscoverOrg any licensing fees. Of course, if everyone used DiscoverOrg's data without paying for it, DiscoverOrg would not exist, nor would the compilation of data that Timlin stole. Timlin has enjoyed a free ride, not just on DiscoverOrg, but on the approximately 4,000 DiscoverOrg clients who pay for the right to access and use this highly-valuable information.

1

## Parties

1. DiscoverOrg is a Delaware limited liability company with its principal place of business in Vancouver, Washington.

2. Timlin is a Massachusetts corporation with a principal place of business in the Commonwealth of Massachusetts.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, and separately under 18 U.S.C. §§ 1331 and 1338(a) and (b) because DiscoverOrg asserts claims arising under Federal Law. This court also has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

4. This court has personal jurisdiction over Timlin, and venue is properly laid in this district court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a), in that Timlin is a Massachusetts corporation with its principal place of business in the Commonwealth.  See, M.G.L. c. 223A § 2.

## Facts and Allegations Common to All Counts

A. DiscoverOrg's Database

5. DiscoverOrg is a provider of business-to-business ("b2b") marketing data, which it delivers to clients via a password-secured, online graphical user interface. DiscoverOrg uses technology, computers, and electronic communication systems to provide subscribers with to its database of marketing information profiling businesses in the United States and globally. DiscoverOrg has been recognized as an industry leader in sales and marketing intelligence. The depth, breadth, and accuracy of DiscoverOrg's database is unrivaled in the marketplace.

6. DiscoverOrg has invested tens of millions of dollars to develop and maintain the infrastructure and content of its database and ensure that it is of the highest quality. DiscoverOrg

employs approximately 200 research analysts focused on building, managing, and updating DiscoverOrg's database, in order to deliver timely and comprehensive data to DiscoverOrg's clients. DiscoverOrg has expended substantial labor, time, resources, effort, and money to select, gather, collect, organize, generate, arrange, and disseminate the timely and continuously updated information DiscoverOrg provides in its database. In total, DiscoverOrg employs more than 450 people and has made significant investment in developing and purchasing software, hardware, and other equipment to continuously update and support the accuracy and comprehensiveness of its database. DiscoverOrg's database exhibits DiscoverOrg's decisions and input as to the selection, arrangement, orchestration, compilation, and presentation of the organizational charts, contacts, and other information collected and assembled by DiscoverOrg's analysts.

7.     DiscoverOrg's database is valuable to companies like Timlin, who benefit from the use of detailed information in their efforts to market their own products and services. DiscoverOrg has licensed subscription access to its database to approximately 4,000 companies, who pay licensing fees for the right to access and use DiscoverOrg's database.

8.     The value of DiscoverOrg's database is related to and dependent upon its proprietary and non-public nature. DiscoverOrg takes steps to protect the security of the information contained in its database. For example, DiscoverOrg limits access to its database to only authorized users pursuant to restrictive license agreements. DiscoverOrg's database is password-protected, and DiscoverOrg utilizes mail monitoring and list protection to further secure and ensure the integrity of DiscoverOrg's database.

B.     <u>Timlin's Wrongful Conduct</u>

9.     Instead of acquiring a license from DiscoverOrg, Timlin, without authorization from DiscoverOrg, gained access to DiscoverOrg's proprietary information and used it to sell Timlin

products. If everyone did what Timlin did, DiscoverOrg would not exist as a business, and the information misappropriated by Timlin would not be available to anyone. Timlin has sought to enjoy a free ride off of the license fees paid by DiscoverOrg's legitimate customers, whose payments allow DiscoverOrg to continue to provide this service and make the investments needed to maintain DiscoverOrg's database and related infrastructure.

10. Between August of 2016 and September of 2017, an employee of Timlin, Bernard Chouinard, used DiscoverOrg's proprietary information and used it to sell Timlin products and services. During that period, Mr. Chouinard, on behalf of Timlin, accessed at least 58,000 records from DiscoverOrg's database. The information wrongfully accessed was commercially exploited by Timlin for its sales and marketing purposes, including conducting email marketing campaigns using the misappropriated information.

11. The stated access by Mr. Chouinard on behalf of Timlin can be traced to two DiscoverOrg customer accounts.

12. The first account is held by Dynatrace, LLC (formerly known as Compuware Corporation). Mr. Chouinard was employed by Dynatrace before starting to work at Timlin in August of 2016 and was allowed to access and use DiscoverOrg on behalf of Dynatrace under the license that was paid for by Dynatrace. Mr. Chouinard knew or should have known that his ability to access and use DiscoverOrg's database and data through Dynatrace's account should immediately cease when his employment with Dynatrace ended. On July 25, 2016, Mr. Chouinard downloaded approximately 1,800 records from DiscoverOrg as an employee of Dynatrace and authorized user under Dynatrace's DiscoverOrg license. Those records were taken and used by Mr. Chouinard to market Timlin's services from August 30, 2016 to September 1, 2017.

13.     The second customer account is held by Turbonomic, Inc. One specific Turbonomic user account belongs to Cherlyn Waite. Ms. Waite is a former employee of Dynatrace, LLC. In fact, Ms. Waite left Dynatrace in the same month as Mr. Chouinard (August of 2016) and they both held substantially similar roles when employed at Dynatrace, LLC. On September 13, 2017, Ms. Waite performed two separate downloads as a user of Turbonomic's paid DiscoverOrg subscription. These downloads totaled over 56,000 records and are directly linked to the e-mails sent by Mr. Chouinard to market and sell Timlin's products and services. These e-mails were sent in October of 2017.

14.     Timlin, through its agent Mr. Chouinard, acted knowingly, intentionally, and willfully in accessing and using DiscoverOrg's proprietary information without authorization and without compensating DiscoverOrg. Timlin's unauthorized use of DiscoverOrg's proprietary information has furthered Timlin's financial interest by facilitating identifying and contacting potential new customers and business opportunities, among other uses, and Timlin has wrongfully profited therefrom.

15.     Timlin knew that DiscoverOrg's data was non-public and proprietary and subject to restrictive license agreements. Nevertheless, Timlin knowingly accessed and used DiscoverOrg data for its own sales and marketing purposes. Timlin did so to gain the commercial benefit of DiscoverOrg's data without compensating DiscoverOrg. Timlin has wrongfully profited from these activities and has harmed DiscoverOrg by diminishing the market value of DiscoverOrg's database.

16.     At all relevant times, Timlin had a duty to train and supervise the conduct of its employees and agents acting on its behalf. Timlin was negligent in failing to train and monitor its employees and agents adequately and in failing to have appropriate policies in place regarding

unauthorized access to computer systems, communication, storage networks, and copyrighted works and trade secrets and/or failing to enforce such policies.

17.     All actions herein alleged to have been done by Timlin were, upon information and belief, performed by employees or other agents of Timlin within the scope of their employment or other agency relationship with Timlin, on Timlin's behalf, and for Timlin's benefit.

Count One
(Theft of Trade Secrets - 18 U.S.C. § 1832 et seq.)

18.     DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 17 above as if fully set forth here.

19.     DiscoverOrg gathers, organizes, generates, collects, and assembles in-depth, commercially-valuable information (including reporting structures, contact information, and other data) expending substantial time, labor, and expense. DiscoverOrg's database and the information contained therein comprise a compilation of business information. Information from DiscoverOrg's database is used in interstate commerce.

20.     The compilation of information in DiscoverOrg's database derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, those who are not licensed by DiscoverOrg to access the database. Non-licensees can obtain economic value from the disclosure or use of the information in DiscoverOrg's database.

21.     DiscoverOrg has taken reasonable measures to protect keep the information in its database secret by limiting access to those customers who agree to the terms of the access in the licensing agreement, and requiring password authentication to access the database through its secure online portal. DiscoverOrg also does its best to monitor access to the database and use of the information to further ensure its security.

22.     Timlin used improper means, including theft, to obtain access to and acquire information from DiscoverOrg's database. Timlin knew or had reason to know at the time it obtained, and at the times it used, DiscoverOrg information that such information was obtained from persons or entities owing DiscoverOrg a duty to maintain the secrecy thereof.

23.     Timlin received and possessed information from DiscoverOrg's proprietary database that Timlin knew to have been converted without authorization.

24.     Timlin willfully and maliciously misappropriated DiscoverOrg's trade secrets by using the information contained in DiscoverOrg's proprietary computer systems for Timlin's financial gain without authorization.

25.     DiscoverOrg has been damaged by Timlin's actions through the lost opportunity to realize licensing revenue and the diminution of the market value of its proprietary information. Timlin has been unjustly enriched by the use of valuable marketing and sales information without paying compensation and through the consummation of business transactions that would not have occurred without use of the stolen information. DiscoverOrg would, in the alternative, be entitled to a reasonable royalty for Timlin's use of the information.

26.     By reason of the foregoing, Timlin is liable to DiscoverOrg for damages and unjust enrichment or a reasonably royalty, in an amount to be proven at trial. DiscoverOrg is also entitled to exemplary damages and its reasonable attorney fees. Finally, DiscoverOrg is entitled to an injunction preventing Timlin from continuing to possess or use information obtained from DiscoverOrg's database.

## Count Two
(Misappropriation of Trade Secrets - RCW 19.108.010 et seq.)

27.     DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 26 above as if fully set forth here .

28.     By reason of the foregoing, Timlin is liable to DiscoverOrg for damages and unjust enrichment or a reasonably royalty, in an amount to be proven at trial. DiscoverOrg is also entitled to exemplary damages and its reasonable attorney fees. Finally, DiscoverOrg is entitled to an injunction preventing Timlin from continuing to possess or use information obtained from DiscoverOrg's database.

## Count Three
(Misappropriation)

29.     DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 28 above as if fully set forth here.

30.     DiscoverOrg gathers, organizes, generates, collects, and assembles in-depth, commercially-valuable information (including reporting structures, contact information, and other data) expending substantial time, labor, and expense.

31.     Timlin intentionally and without permission, used information from DiscoverOrg's database for its own financial gain, and profited therefrom. Timlin has taken a "free-ride" on DiscoverOrg's skill, labor, and costly and substantial efforts in creating its commercially-valuable database.

32.     Timlin's actions have damaged DiscoverOrg in the form of lost profits and diminution of the market value of its database. By reason of the foregoing misappropriation of DiscoverOrg's data, Timlin is liable to DiscoverOrg for compensatory damages including wrongfully derived revenues in an amount to be proven at trial.

## Count Four
### (Copyright Infringement)

33. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 32 as if fully set forth here.

34. DiscoverOrg's database is an original work of authorship containing copyrightable subject matter for which copyright protection exists under the Copyright Act. DiscoverOrg has filed for copyright registration with the United States Copyright Office in compliance with 17 U.S.C. § 101 et seq. DiscoverOrg's copyright was registered December 27, 2010 with registration number TX0007487999.

35. As owner of all right, title, and interest in and to the copyrighted works, DiscoverOrg is entitled to all the exclusive rights and remedies accorded by Section 106 of the Copyright Act to a copyright owner, including the exclusive rights to reproduce the copyrighted works and to sell non-exclusive licenses to those copyrighted works.

36. Timlin has made and used copies of DiscoverOrg's copyrighted material without authorization or license from DiscoverOrg. Timlin used those copies for Timlin's financial gain without compensating DiscoverOrg. In doing so, Timlin has violated DiscoverOrg's exclusive rights of reproduction and distribution.

37. At all relevant times, Timlin had the responsibility and the ability to supervise and monitor the actions its employees and agents, whose actions were performed on its behalf and for its direct financial benefit and were within the scope of their employment for Timlin.

38. With knowledge of the infringing activity, Timlin induced, caused, facilitated, encouraged, and/or or materially contributed to the infringing conduct.

39. Timlin's acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of DiscoverOrg.

40. As a direct and proximate results of the foregoing acts, DiscoverOrg has been and will continue to be harmed. DiscoverOrg is entitled to its actual damages, including any and all profits due to Timlin's wrongful conduct, or statutory damages. DiscoverOrg is also entitled to its costs, including reasonable attorney fees.

Count Five
(Unjust Enrichment)

41. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 40 as if fully set forth here.

42. Through Timlin's wrongful actions described herein, Timlin has been unjustly enriched through the use of DiscoverOrg's commercially-valuable data without compensation to DiscoverOrg.

43. Timlin is therefore liable to DiscoverOrg to the extent of such unjust enrichment in an amount to be determined at trial.

Count Six
(Tortious Interference with Contract)

44. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 43.

45. Timlin, through its agent Mr. Chouinard, was aware that access to and use of DiscoverOrg's data was subject at all relevant times to restrictive license agreements between DiscoverOrg and its licensees prohibiting transfer to and use by third parties.

46. Timlin knowingly and wrongfully encouraged one or more licensees of DiscoverOrg's proprietary data to transfer the same to Timlin in violation of their license agreements. Namely, Turbonomic, Inc.

47. Timlin's sole purpose in encouraging this breach of contract was to benefit from the commercial value of DiscoverOrg's data without compensation to DiscoverOrg.

48.     Timlin unjustly profited from this breach of contract, and harmed DiscoverOrg by causing a diminution of the commercial value of DiscoverOrg's data.

49.     Timlin interfered with DiscoverOrg's contractual and advantageous relationships through improper means and with improper motives.

50.     As a direct and proximate result of Timlin's tortious interference, DiscoverOrg has been damaged.

51.     By reason of the foregoing, Timlin is liable to DiscoverOrg for compensatory damages in an amount to be proven at trial.

Count Seven
(Negligence)

52.     DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 51 above as though fully set forth here.

53.     At all relevant times, Timlin was under a duty to take reasonable care in training and supervising its employees and other agents acting on its behalf.

54.     It was foreseeable that the failure to train and supervise employees and other agents regarding appropriate methods for obtaining sales and marketing information for the benefit of Timlin would harm a third party such as DiscoverOrg.

55.     Timlin breached its duty when it failed to train and supervise its employees by allowing them in the unlawful conduct set forth in this complaint. In particular, Timlin failed to properly implement and enforce a policy prohibiting such conduct, as would be required of a reasonable entity.

56.     As a direct and proximate result of Timlin's negligence, DiscoverOrg has suffered damage in the form of lost profits and diminution of the market value of its database. Timlin is liable to DiscoverOrg for compensatory damages in an amount to be proven at trial.

### Count Eight
### Violation of Mass. General Law c. 93A

57. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 56 above as though fully set forth here.

58. At all relevant times, DiscoverOrg has been engaged in trade or commerce within the Commonwealth of Massachusetts.

59. At all relevant times, Timlin has engaged in trade or commerce within the Commonwealth of Massachusetts.

60. The defendant's actions, as set forth in the above-recited facts and counts of this complaint, constitute unfair and/or deceptive trade practices made unlawful by M.G.L. c. 93A § 2.

61. The defendants' conduct as alleged in the above-recited facts and counts of this complaint was willful, knowing, malicious, intentional and oppressive.

62. As a direct and proximate result of defendants' violations of M.G.L. c. 93A, DiscoverOrg has been damaged and is entitled to an award of double or treble its damages and reasonable attorneys' fees.

PRAYER FOR RELIEF

   WHEREFORE, DiscoverOrg prays for the following relief:

   a. entry of judgment in its favor and against Timlin on all counts;

   b. entry of judgment in its favor against Timlin on all of its Claims for Relief that Timlin's unlawful conduct was willful and knowing;

   c. as to Count One, its actual damages and unjust enrichment or a reasonably royalty, in an amount to be proven at trial, exemplary damages, and its reasonable attorney fees;

d.  as to Count Two, its actual damages and unjust enrichment or a reasonably royalty, in an amount to be proven at trial, exemplary damages, and its reasonable attorney fees;

e.  as to Count Three, compensatory damages in an amount to be proven at trial;

f.  as to Count Four, actual damages in an amount to be proven at trial or statutory damages, plus costs including reasonable attorney fees;

g.  as to Count Five, the amount to be proven at trial by which Timlin has been unjustly enriched;

h.  as to Count Six, compensatory damages in an amount to be proven at trial;

i.  as to Count Seven, compensatory damages in an amount to be proven at trial;

j.  as to Count Eight, compensatory damages and exemplary damages in an amount to be proven at trial;

k.  exemplary damages for Timlin's willful and knowing infringement, theft, and misappropriation and violation of M.G.L. c. 93A;

l.  immediate and permanent injunctive relief enjoining Timlin from using DiscoverOrg's trade secrets, copyrighted materials, and misappropriated products or services;

m.  an award of DiscoverOrg's costs of suit, including the costs of experts and reasonable attorneys' fees as permitted by law, for example pursuant to 18 U.S.C. § 1832 et seq., M.G.L. c. 93A, and 17 U.S. Code § 505;

n.  an award of pre- and post-judgment interest; and

o.  such other relief as the Court may deem just and equitable.

JURY DEMAND

The plaintiff demands a jury trial on all claims made in the foregoing complaint.

Respectfully submitted,

/s/ Kenneth J. DeMoura
Kenneth J. DeMoura, BBO # 548910
DeMoura|Smith LLP
One International Place, 14th Floor
Boston, Massachusetts  02110
(617) 535-7531
(617)535-7532(fax)
kdemoura@demourasmith.com