UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DISCOVERORG, LLC,

    Plaintiff,

v.

TIMLIN ENTERPRISES, INC.,

    Defendant.

Civil Action No. 1:18-cv-12002-RWZ

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TIMLIN ENTERPRISES, INC. TO PLAINTIFF DISCOVERORG, LLC'S COMPLAINT

Defendant Timlin Enterprises, Inc. ("Timlin") hereby responds to the Complaint and Jury Demand ("Complaint") of plaintiff DiscoverOrg, LLC ("DiscoverOrg") and states its affirmative defenses as set forth below.

DiscoverOrg's Complaint contains headings to which no response is required. To the extent a response is required, the various headings state conclusions of law to which no response is required. To the extent that any further response is required, Defendant denies the allegations in the headings.

### Introduction

Plaintiff's Complaint contains an unnumbered introductory paragraph to which no response is required. To the extent a response is required, Timlin denies the allegations in the introductory paragraph.

### Parties

1.     Timlin lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint and, therefore, denies those allegations.

2. Timlin admits the allegations in paragraph 2 of the Complaint.

### Jurisdiction and Venue

3. The allegations in paragraph 3 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Timlin denies the allegations in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Timlin admits only that it is a Massachusetts corporation with its principal place of business in Massachusetts, and otherwise denies the allegations in paragraph 4 of the Complaint.

### DiscoverOrg's Allegations

5. Timlin admits only that DiscoverOrg is a provider of business-to-business marketing data. Timlin lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5 of the Complaint and, therefore, denies those remaining allegations.

6. Timlin lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6 of the Complaint and, therefore, denies those allegations.

7. Timlin denies the allegations in the first sentence of paragraph 7 of the Complaint. Timlin lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of paragraph 7 of the Complaint and, therefore, denies the allegations in the second sentence of paragraph 7 of the Complaint.

8. Timlin lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint and, therefore, denies those allegations.

9. Timlin denies the allegations in paragraph 9 of the Complaint.

10. Timlin denies the allegations in paragraph 10 of the Complaint.

11. Timlin denies so much of paragraph 11 as asserts that the alleged access by Mr. Chouinard was on behalf of Timlin. Timlin lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 11 of the Complaint and, therefore, denies those allegations.

12. Timlin admits only that Mr. Chouinard was employed by Dynatrace before he became employed by Timlin. Timlin lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 12 of the Complaint and, therefore, denies those allegations.

13. Timlin lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint and, therefore, denies those allegations.

14. Timlin denies the allegations in paragraph 14 of the Complaint.

15. Timlin denies the allegations in paragraph 15 of the Complaint.

16. The allegations in paragraph 16 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Timlin denies the allegations in paragraph 16 of the Complaint.

17. Timlin denies the allegations in paragraph 17 of the Complaint.

<u>Count One</u>
(Theft of Trade Secrets – 18 U.S.C. § 1832 et seq.)

18. Timlin restates and incorporates by reference its responses to paragraphs 1 through 17 of the Complaint as if they were fully set forth here.

19. Timlin lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Complaint and, therefore, denies those allegations.

20. Timlin lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 20 of the Complaint and, therefore, denies those allegations.

21.     The allegations in paragraph 21 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Timlin denies the allegations in paragraph 21 of the Complaint.

22.     Timlin denies the allegations in paragraph 22 of the Complaint.

23.     Timlin denies the allegations in paragraph 23 of the Complaint.

24.     Timlin denies the allegations in paragraph 24 of the Complaint.

25.     Timlin denies the allegations in paragraph 25 of the Complaint.

26.     Timlin denies the allegations in paragraph 26 of the Complaint.

Count Two
(Misappropriation of Trade Secrets – RCW 19.108.010 et seq.)

27.     Timlin restates and incorporates by reference its responses to paragraphs 1 through 26 of the Complaint as if they were fully set forth here.

28.     Timlin denies the allegations in paragraph 28 of the Complaint.

Count Three
(Misappropriation)

29.     Timlin restates and incorporates by reference its responses to paragraphs 1 through 28 of the Complaint as if they were fully set forth here.

30.     Timlin lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 30 of the Complaint and, therefore, denies those allegations.

31.     Timlin denies the allegations in paragraph 31 of the Complaint.

32.     Timlin denies the allegations in paragraph 32 of the Complaint.

Count Four
(Copyright Infringement)

33.     Timlin restates and incorporates by reference its responses to paragraphs 1 through 32 of the Complaint as if they were fully set forth here.

34. The allegations in paragraph 34 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Timlin lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 34 of the Complaint and, therefore, denies those allegations.

35. The allegations in paragraph 35 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Timlin lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 35 of the Complaint and, therefore, denies those allegations.

36. Timlin denies the allegations in paragraph 36 of the Complaint.

37. The allegations in paragraph 37 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Timlin denies the allegations in paragraph 37 of the Complaint.

38. Timlin denies the allegations in paragraph 38 of the Complaint.

39. Timlin denies the allegations in paragraph 39 of the Complaint.

40. Timlin denies the allegations in paragraph 40 of the Complaint.

Count Five
(Unjust Enrichment)

41. Timlin restates and incorporates by reference its responses to paragraphs 1 through 40 of the Complaint as if they were fully set forth here.

42. Timlin denies the allegations in paragraph 42 of the Complaint.

43. Timlin denies the allegations in paragraph 43 of the Complaint.

## Count Six
### (Tortious Interference with Contract)

44. Timlin restates and incorporates by reference its responses to paragraphs 1 through 43 of the Complaint as if they were fully set forth here.

45. Timlin denies the allegations in paragraph 45 of the Complaint.

46. Timlin denies the allegations in paragraph 46 of the Complaint.

47. Timlin denies the allegations in paragraph 47 of the Complaint.

48. Timlin denies the allegations in paragraph 48 of the Complaint.

49. Timlin denies the allegations in paragraph 49 of the Complaint.

50. Timlin denies the allegations in paragraph 50 of the Complaint.

51. Timlin denies the allegations in paragraph 51 of the Complaint.

## Count Seven
### (Negligence)

52. Timlin restates and incorporates by reference its responses to paragraphs 1 through 51 of the Complaint as if they were fully set forth here.

53. The allegations in paragraph 53 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Timlin denies the allegations in paragraph 53 of the Complaint.

54. Timlin denies the allegations in paragraph 54 of the Complaint.

55. Timlin denies the allegations in paragraph 55 of the Complaint.

56. Timlin denies the allegations in paragraph 56 of the Complaint.

## Count Eight
### (Violation of Mass. General Law[s] c. 93A)

57. Timlin restates and incorporates by reference its responses to paragraphs 1 through 56 of the Complaint as if they were fully set forth here.

58. The allegations in paragraph 58 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Timlin lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 58 of the Complaint and, therefore, denies those allegations.

59. The allegations in paragraph 59 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Timlin admits that it conducts business in Massachusetts.

60. Timlin denies the allegations in paragraph 60 of the Complaint.

61. Timlin denies the allegations in paragraph 61 of the Complaint.

62. Timlin denies the allegations in paragraph 62 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in its "Prayer for Relief."

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint should be dismissed for lack of subject matter jurisdiction because it does not seek relief against the persons or entities who allegedly violated Plaintiff's rights, if any.

### Third Affirmative Defense

The Complaint should be dismissed for lack of subject matter jurisdiction because the amount in controversy is not more than $75,000.

**Fourth Affirmative Defense**

To the extent the person who allegedly engaged in the conduct asserted by Plaintiff was an employee or agent of Defendant at the time he engaged in such conduct, that person was acting outside the scope of his employment, agency and/or authority and Defendant is not vicariously liable under any doctrine or theory, including but not limited to *respondeat superior*.

**Fifth Affirmative Defense**

The Complaint fails to name as a party one or more individuals or entities necessary or required for the relief Plaintiff seeks, including the individuals or entities who engaged in the conduct alleged by the Plaintiff and/or permitted such conduct to occur in breach of their contractual obligations to Plaintiff.

**Sixth Affirmative Defense**

If an employee or agent of the Defendant engaged in the conduct alleged by Plaintiff, that person acted without the knowledge, authorization, consent or approval of Defendant and Defendant neither condoned nor ratified that person's actions or conduct.

**Seventh Affirmative Defense**

The damages allegedly suffered by DiscoverOrg were the result of the independent, intervening, and/or superseding actions and/or omissions of parties or entities for whose conduct Defendant is not responsible or liable.

**Eighth Affirmative Defense**

To extent the Complaint purports to state a cause of action under 18 U.S.C. § 1832, it fails to state a claim for relief because 18 U.S.C. § 1832 does not provide for a private right of action and is limited to criminal prosecution.

### Ninth Affirmative Defense

The information allegedly misappropriated from Plaintiff's customers does not meet the definition of a trade secret under federal or state law.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by its own conduct, action and/or inaction.

### Eleventh Affirmative Defense

Plaintiff has failed to establish an ownership of a valid copyright registration in the material allegedly taken or obtained by Mr. Chouinard.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has not properly registered its alleged works with the U.S. Copyright Office.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's purported copyrights are invalid and/or unenforceable.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred because there was no copying by Timlin within the meaning of copyright law.

### Sixteenth Affirmative Defense

Plaintiff failed to give proper or timely notice, in writing or otherwise, of any purported default or breach of any obligation and failed to give Timlin timely opportunity to cure, or to

mitigate the damage, if any, resulting therefrom and Plaintiff's failure bars it from obtaining any relief against Timlin.

**Seventeenth Affirmative Defense**

Plaintiff failed to mitigate its damages, if any, by failing to take the necessary steps or action to ensure the alleged infringing action stopped and any recovery by Plaintiff should be reduced accordingly.

**Eighteenth Affirmative Defense**

Plaintiff failed to take proper and reasonable steps to avoid the damages alleged. Therefore, Plaintiff's recover, if any, should be barred or comparatively diminished by the ratio in which its failure to undertake reasonable effort or exercise reasonable care to mitigate its damages contributed to any damages or harm Plaintiff sustained.

**Nineteenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of estoppel.

**Twentieth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of laches.

**Twenty-First Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

**Twenty-Second Affirmative Defense**

Plaintiff's claim under Massachusetts General Laws Chapter 93A fail because the conduct alleged by Plaintiff is not sufficient to meet the Chapter 93A standards for unfair or deceptive conduct.

### Twenty-Third Affirmative Defense

Plaintiff's claims under Chapter 93A fail because the conduct allegedly giving rise to the Plaintiff's claims is not "trade or commerce" under Chapter 93A.

### Twenty-Fourth Affirmative Defense

The alleged conduct by Timlin was not willful and knowing and therefore cannot support an award of multiple damages.

### **PRAYER FOR RELIEF**

WHEREFORE, defendant Timlin Enterprises, Inc. respectfully requests that this Court:

1. enter an Order dismissing the Complaint with prejudice and awarding Defendant its costs and expenses, including reasonable attorneys' fees; and
2. grant such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

Defendant demands a jury trial on all claims and issues so triable.

> Respectfully submitted,
> TIMLIN ENTERPRISES, INC.
>
> By its attorney,
>
> */s/ Carolyn A. Marcotte*
> Harry T. Daniels (BBO# 113800)
> Carolyn A. Marcotte (BBO# 663616)
> Barclay Damon, LLP
> One Financial Center, Suite 1701
> Boston, MA 02111
> (617) 274-2900
> hdaniels@barclaydamon.com
> cmarcotte@barclaydamon.com

Dated: January 23, 2019

## **CERTIFICATE OF SERVICE**

      I, Carolyn A. Marcotte, certify that on January 23, 2019, Defendant's Answer and Affirmative Defenses filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                                         */s/ Carolyn A. Marcotte*
                                                         Carolyn A. Marcotte